1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7              FOR THE NORTHERN DISTRICT OF CALIFORNIA
8                            OAKLAND DIVISION
9

10  HOLLYN D'LIL,                          Case No:  C 13-3512 SBA

11           Plaintiff,                    **ORDER GRANTING DEFENDANT**
                                           **ERIK PRICE'S MOTION FOR**
12        vs.                              **SUMMARY JUDGMENT**

13  BREAKERS INN, the dba for LENA          Dkt. 49
    HUMBER-PRICE; ERIK PRICE and DOES 1
14  through 10, inclusive,

15           Defendants.

16

17        Plaintiff Hollyn D'Lil, a disabled individual, alleges that she encountered access

18  barriers while visiting the Breakers Inn ("the Inn"), a public guesthouse located in Gualala,

19  California.  She brings the instant action against Lena Humber-Price ("Lena") dba Breakers

20  Inn, and her son, Eric Price ("Erik"[1]), alleging disability discrimination claims under Title

21  III of the Americans with Disabilities Act ("ADA") and state law.  The parties are presently

22  before the Court on Erik's Motion for Summary Judgment.  Having read and considered the

23  papers filed in connection with this matter and being fully informed, the Court hereby

24  GRANTS the motion for the reasons set forth below.  The Court, in its discretion, finds this

25  matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal.

26  Civ. L.R. 7-1(b).

27

28        [1] For clarity, the Court refers to the respective Defendants by their first names.

I.       **BACKGROUND**

      A.       FACTUAL SUMMARY

      In September 2012, Plaintiff booked a room at the Inn.  Compl. ¶ 6, Dkt. 1. During her stay, Plaintiff encountered access issues in the parking lot, at the check-in counter and in her guest room.  Id. ¶ 13.  Plaintiff sought to write a letter of complaint about the barriers, and allegedly was told by unspecified "managers" at the Inn that Erik was the "operator."  Pl.'s Opp'n to Mot. for Summ. J. ("Opp'n") at 5, Dkt. 51.  During her deposition, Plaintiff stated, in fact, that she spoke only one person—a "clerk" or "staff person"—whose name, age, gender or physical appearance she could not recall.  Cortes Reply Decl. Ex. D (Pl.'s Depo.) at 130:7-131:18, 134:11-15, Dkt. 52-2.

      Plaintiff brings this action against Lena and Erik, as owners and/or operators of the Inn.  The Inn was constructed in or about 1993 or 1994 by Lena.  Price Decl. ¶ 3, Dkt. 49-2. In 2011, Lena was diagnosed with a serious health condition.  Id. ¶ 6.  On November 17, 2011, Lena executed a deed which made Erik a joint tenant in the real property on which the Inn is located.  Id.  He recorded the deed in July 2012.  Id.  Erik asserts that Lena did not actually intend to deliver the deed to him, and that when she learned that he had recorded the deed, she took legal action to invalidate it.  Mot. for Summ, J. ("Mot.") at 2-3, Dkt. 52; Price Decl. ¶ 8.

      Lena testified during her deposition in this action that she had no recollection of signing a grant deed in favor of Erik and was unaware that he was on title to the property until April of 2012 or 2013.  Cortes Decl. Ex. A (Humber-Price Depo.) at 82:10-83:9, 89:3-5, 113:7-114:2, Dkt. 49-1.  Lena stated that she was seriously ill and "unable to think clearly in November of 2011," and that Erik was constantly "after" her and "yelling and screaming" at her.  Id. at 136:17-20, 89:8-17.  Eventually, in December 2014, Erik and Lena reached a settlement to have the 2011 deed declared invalid.  Price Decl. ¶ 9.  The

1   settlement required Erik to execute a quitclaim deed "to divest any interest that might have

2   been conveyed to [him] by the 2011 deed." Id.[2]

3       **B.   PROCEDURAL HISTORY**

4       On July 29, 2013, Plaintiff filed a Complaint in this Court, which alleges three

5   claims against Lena and Erik:  (1) violation of Title III of the ADA; (2) violation of

6   California Health and Safety Code § 19955, et seq., and (3) violation of the California

7   Unruh Act, Cal. Civ. Code § 51 et seq.  Erik previously sought to join the Inn's current

8   operators as defendants, but said motion was denied.

9       Erik now moves for summary judgment on the grounds that he is not an owner,

10  operator or lessee of the Inn.  Plaintiff opposes the motion, claiming that Erik has admitted

11  his ownership interest in the Inn and that the Inn's managers recognize him as its operator.

12  The matter is fully briefed and is ripe for adjudication.[3]

13  **II.   LEGAL STANDARD**

14      Federal Rule of Civil Procedure 56 provides that a party may move for summary

15  judgment on some or all of the claims or defenses presented in an action.  Fed. R. Civ. P.

16  56(a)(1).  "The court shall grant summary judgment if the movant shows that there is no

17  genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

18  law." Id.; see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The movant

19  bears the initial burden of demonstrating the basis for the motion and identifying the

20  portions of the pleadings, depositions, answers to interrogatories, affidavits, and admissions

21  on file that establish the absence of a triable issue of material fact.  Celotex Corp. v. Catrett,

22  477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c)(1)(A) (requiring citation to "particular parts

23  of materials in the record").  If the moving party meets this initial burden, the burden then

24  shifts to the non-moving party to present specific facts showing that there is a genuine issue

25  ─────────────────────

26      [2] Plaintiff claims that Price received $100,000 to settle the dispute, see Barbosa
    Decl. ¶ 4, Dkt. 42-1; but provides no foundation for that assertion.  The settlement
    agreement has not been submitted to the Court.

27
      [3] Both parties have filed objections to the other's evidence, which are addressed to
28  the extent the particular objection is germane to the argument being addressed.

for trial.  See Celotex, 477 U.S. at 324; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

"On a motion for summary judgment, 'facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts.'" Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting in part Scott v. Harris, 550 U.S. 372, 380 (2007)).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  Anderson, 477 U.S. at 248.  A factual dispute is genuine if it "properly can be resolved in favor of either party."  Id. at 250. Accordingly, a genuine issue for trial exists if the non-movant presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor.  Id.  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Id. at 249-50 (internal citations omitted).  Only admissible evidence may be considered in ruling on a motion for summary judgment.  Orr v. Bank of Am., 285 F.3d 764, 773 (9th Cir. 2002).

## III.    DISCUSSION

### A.    ADA CLAIM

"Title III of the ADA prohibits discrimination in public accommodations . . . ." Kohler v. Bed Bath & Beyond of Cal., LLC, 780 F.3d 1260, 1263 (9th Cir. 2015).  Under the ADA, liability for violations of its provisions extends to "any person who *owns*, leases (or leases to), or *operates* a place of public accommodation."  42 U.S.C. § 12182(a) (emphasis added).  "To prevail on a discrimination claim under Title III, a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability."  Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc., 603 F.3d 666, 670 (9th Cir. 2010); see 42 U.S.C. § 12182(a).  "Damages are not recoverable under Title III of the ADA—only

injunctive relief is available for violations of Title III."   Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002).

### 1.   Operator Liability

An individual may be personally liable for violations of the ADA if he or she is the "operator" of a place of public accommodation where the discriminatory act occurred. Lentini v. Cal. Ctr. for the Arts, Escondido, 370 F.3d 837, 849 (9th Cir. 2004).  An operator is one who has the ability to facilitate any necessary accommodation.  Id.  Erik expressly denies that he has ever had control over the operations at the Inn.  Price Decl. ¶¶ 3, 4.  In response, Plaintiff asserts that Erik's representations are contradicted by "[t]he managers of the hotel [who] gave his name as the person to deal with the access barriers when Plaintiff was to send someone a letter regarding the violations," Pl.'s Opp'n at 7, and who said that Erik was the "operator," id. at 5.

Plaintiff's statement as to what the unidentified "managers" told her is inadmissible and unsupported.  Because the statement was made out of court and is offered for the truth of the matter asserted—i.e., that Erik operates the Inn—it is inadmissible hearsay that cannot be considered in opposing a summary judgment motion.  See Fed. R. Evid. 801(c) (definition of hearsay); Orr, 285 F.3d at 774 (hearsay statements cannot be considered on summary judgment).  The statements cannot be construed as statement of party-opponent under Federal Rule of Evidence 801(d)(2) because Plaintiff cannot identify any of the declarants.  During her deposition, Plaintiff only vaguely recalled that a "staff person" or "clerk" wrote Erik's name on her bill in response to her inquiry regarding whom to contact about the barriers.  Cortes Reply Decl. Ex. D (Pl.'s Depo.) at 130:7-131:18.  Yet, Plaintiff could not provide the name of the clerk or provide any description of the individual.  Id.  In view of Plaintiff's failure to identify the clerk, the Court finds that the proffered statement is not admissible.  See Breneman v. Kennecott Corp., 799 F.2d 470, 473 (9th Cir. 1986)

1   (lack of evidentiary foundation precluded admission of statement under Federal Rule of

2   Evidence 801(d)(2)).[4]

3        Even if the statement were admissible, it is not probative of whether Erik may be

4   held liable under the ADA as an operator.  Setting aside Plaintiff's complete inability to

5   recall any details regarding the identity of the employee, the record is devoid of any facts

6   demonstrating the basis for the clerk's statement, if any, that Erik had any operational

7   authority with respect to the Inn.  Evidence that "is merely colorable, or is not significantly

8   probative," is not sufficient to avoid summary judgment.  Anderson, 477 U.S. at 252.  The

9   Court therefore finds Plaintiff has failed to demonstrate a genuine issue of material fact as

10  to Erik's potential ADA liability as an operator.

11              **2.      Owner Liability**

12       Erik contends that he had no ownership interest in the Inn at the time it was

13  constructed and otherwise had no involvement in the design or construction of any of the

14  barriers at issue in this case.  Price Decl. ¶ 3.  He acknowledges having recorded a grant

15  deed in July 2012, which purportedly made him a joint tenant with respect to the real

16  property on which the Inn is located.  Id. ¶ 7.  That deed, however, was invalidated as a

17  result of the lawsuit filed by Lena against Erik and the subsequent settlement of the dispute.

18  Id. ¶ 9.  In December 2014, he signed a quitclaim deed returning to Lena any interest in the

19  Property that he may have possessed.  Id.

20

21        [4] The Court has serious concerns regarding Plaintiff's misrepresentation of the
22  record.  In her opposition, Plaintiff repeatedly claims that "managers" told her that Erik was
    the operator.  Opp'n at 5, 7.  The cited evidence does not support this claim.  In her
23  deposition, Plaintiff stated only that she spoke to a single "staff person" or "clerk."  Cortes
    Reply Decl. Ex. D at 130:7-9.  There is no indication that this person—whom Plaintiff was
24  completely unable to describe (other than noting that "she wasn't fat")—was a manager.
    Likewise, Plaintiff's assertion that the clerk wrote Erik's name down on her receipt is
25  suspect.  When confronted with the fact that the clerk's signature, in fact, appeared to have
    been written by Plaintiff, she responded:  "You know what?  You know, they look a lot
26  alike.  Maybe I did write it."  Pl.'s Depo. at 132:7-15.  The Court again reminds Plaintiff
    and her counsel of her obligations under Federal Rule of Civil Procedure 11 as well as her
27  ethical obligations to the Court, see Civ. L.R. 11-4.  Failure to comply with the same may
    result in the imposition of monetary and/or other sanctions, up to and including dismissal of
28  action.

Plaintiff contends that Erik's claims of non-ownership are untenable in light of an allegation in his Answer, wherein he purportedly "admitted" to being an owner in his Answer to the Complaint.  Opp'n at 5.  In paragraph 7 of the Complaint, Plaintiff alleges that "Defendant ERIC [sic] PRICE is, and at all times relevant herein, was the owner, operator, lessor and/or lessee of the Inn."  Compl. ¶ 7.  In his Answer, Erik states as follows:  "Responding to paragraph 7 of the Complaint, Mr. Price alleges that he owns a joint tenant interest in the real property located at 39350 South Hwy 1, Gualala, CA 95445.  Except as admitted in the foregoing sentence, Mr. Price denies each and every allegation in paragraph 7 of the Complaint."  Answer ¶ 7, Dkt. 12.  The Court notes that Erik filed his Answer on October 11, 2013, prior to the resolution of Lena's lawsuit against him challenging the validity of the deed.  Thus, Erik's "admission" is now inapposite in light of the subsequent invalidation of the deed. [5]

Equally meritless is Plaintiff's assertion that Erik's ownership interest is shown by his Rule 68 offer of judgment wherein he offered to settle the case for $5,000 and to provide the injunctive relief requested by her.  Opp'n at 8; Barbosa Decl. ¶ 2 & Ex. 1, Dkt. 51-1.  She posits that his settlement offer is proof that he had an ownership interest in the Inn.  Erik objects to Plaintiff's counsel's statement regarding the Rule 68 offer and the photocopy of such offer which is attached as an exhibit to her declaration, and requests that they be stricken.  Reply at 8.  As Plaintiff should undoubtedly be aware, Rule 68(b) clearly states that:  "Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs."  Fed. R. Evid. 68(b); see also id. 408(a).  Since this is not a proceeding to determine costs, the unaccepted offer of judgment is inadmissible.  Erik's objection is therefore sustained and the request to strike is granted.  That aside, the Rule 68 offer was made in May 2014, prior to the invalidation of the grant deed in December 2014.  Thus, the settlement offer is not probative of Erik's current ownership interest in the Inn.

---

[5] Although Erik never formally sought to amend his answer under Rule 15(a)(2), the Court construes his motion for summary judgment to include an implicit request to amend his answer to conform to the evidence.  See Coconut Key Homeowners Ass'n, Inc. v. Lexington Ins. Co., 649 F. Supp. 2d 1363, 1372 (S.D. Fla. 2009).

Finally, even if Erik were an "owner" at the time Plaintiff visited the Inn in 2012, the fact that he is not a *current* owner is fatal to her ADA claim. A "private plaintiff can sue only for injunctive relief . . . under the ADA . . . ." Oliver v. Ralphs Grocery Co., 654 F.3d 903, 905 (9th Cir. 2011). As of December 2014, Erik relinquished any ownership in the Property to Lena. Price Decl. ¶ 9. Plaintiff does not dispute that fact. Since it is clear that he is not a present owner of the Inn, Erik is no longer a proper party to Plaintiff's Title III claim. See McLaughlin v. Hilton Worldwide, Inc., No. 14CV0504 WQH NLS, 2015 WL 773703, at *3 (S.D. Cal. Feb. 11, 2015) (dismissing Title III ADA claims against entities that had had sold their interest in the subject hotel after the lawsuit was filed); see also Lonberg v. Sanborn Theaters Inc., 259 F.3d 1029, 1036, as amended on denial of reh'g and reh'g en banc, 271 F.3d 953 (9th Cir. 2001) (holding that an architect who violated the ADA's design and construction provisions but did not have control of the building at the time of the lawsuit could not be held liable for such violations). The Court finds Plaintiff has failed to demonstrate a genuine issue of material fact as to Erik's potential ADA liability as an owner.[6]

### B.   STATE LAW CLAIMS

Under California's Unruh Civil Rights Act, all persons are "entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). A violation of the ADA automatically establishes a violation of the Unruh Act. Id. § 51(f); Lentini v. Cal. Ctr. for the Arts, Escondido, 370 F.3d 837, 847 (9th Cir. 2004) ("Because the Unruh Act has adopted the full expanse of the ADA, it must follow, that the same standards for liability apply under both Acts."). In contrast to Title III of the ADA, a violation of the Unruh Act may result in the imposition of damages. Cal. Civ. Code § 51(f).

---

[6] Plaintiff's reliance on Botosan v. Paul McNally Realty, 216 F.3d 827, 832-33 (9th Cir. 2000) and Heatherly v. Ilinkhobby, Inc., No. 13-CV-03190-JSC, 2015 WL 6828118, *6 (N.D. Cal. Nov. 6, 2015) is misplaced. Opp'n at 7-8. Those cases are inapposite, as they simply recognized that a landlord and tenant who have the power to remove access barriers are liable under the ADA to remove them, notwithstanding contractual agreements.

1   Plaintiff argues that under Civil Code § 51(f), Erik is liable for damages "as the past

2   owner and operator of the subject property, for barriers encountered by Plaintiff when she

3   visited the hotel."  Opp'n at 8.  She cites no decisional authority in support of this

4   proposition; nor has the Court, through its own research, been able to locate any.

5   Nonetheless, since the same legal standard applies to claims under the ADA and § 51(f),

6   see Lentini, 370 F.3d at 847, it would be incongruous to find that Erik may be held liable

7   under the Unruh Act when there is no basis for holding him liable under the ADA.

8   Consequently, the Court finds that Erik is entitled to summary judgment on Plaintiff's state

9   law claims.[7]

10  **IV.    CONCLUSION**

11  For the reasons stated above,

12  IT IS HEREBY ORDERED THAT Defendant Erik Price's Motion for Summary

13  Judgment and his request to strike Exhibit 1 to the Declaration of Patricia Barbosa are

14  GRANTED.  Page 2 and 3 of Docket No. 52-1 shall be stricken from the record.

15  IT IS SO ORDERED.

16  Dated:  10/11/16

    _Saundra B Armstrong_
    SAUNDRA BROWN ARMSTRONG
    Senior United States District Judge

---

[7] For the same reasons, Plaintiff's claim under California Health and Safety Code § 19955 fails.  That section only authorizes injunctive relief and "does not authorize an action for damages."  D'Lil v. Riverboat Delta King, Inc., 59 F. Supp. 3d 1001, 1007 (E.D. Cal. 2014) (internal quotations and citations omitted).