UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HOLLYN D'LIL, | Case No: C 13-3512 SBA |
| Plaintiff, | **ORDER RE PLAINTIFF'S MOTION TO BE RELIEVED FROM REPORT AND RECOMMENDATION AWARDING FEES AND COSTS** |
| vs. | |
| BREAKERS INN, the dba for LENA HUMBER-PRICE; ERIK PRICE and DOES 1 through 10, inclusive, | |
| Defendants. | Dkt. 68, 69, 90 |

Plaintiff Hollyn D'Lil, a disabled individual, commenced the instant action under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, alleging that she encountered access barriers during a 2012 visit to the Breakers Inn ("the Inn") located in Gualala, California. After prevailing on his motion for summary judgment, Defendant Erik Price ("Erik") filed motions for attorney's fees and sanctions against Plaintiff and her counsel, Patricia Barbosa ("Counsel"). Magistrate Judge Nandor Vadas ("Magistrate") recommended granting the motion for attorney's fees and granting in part the motion for sanctions.

The parties are now before the Court on Plaintiff's Motion to be Relieved from Report and Recommendation Awarding Fees and Costs, in which she objects to the Magistrate's recommendations to award fees and impose sanctions. Having read and considered the papers filed in connection with this matter and being fully informed, the Court GRANTS Plaintiff's motion as to the proposed attorney's fees award, and DENIES

the motion as to the proposed sanctions. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I.     BACKGROUND

### A.     OVERVIEW

On July 29, 2013, Plaintiff commenced the instant action in this Court against Lena Humber-Price dba Breakers Inn ("Lena"), and her son, Erik, as alleged owners and operators of the Inn. The Complaint alleges three claims for violations of: (1) the ADA; (2) California Health and Safety Code § 19955 ("§ 19955"), et seq., and (3) the California Unruh Act ("Unruh Act"), Cal. Civ. Code § 51, et seq. Each of the aforementioned statutes imposes liability on owners and operators of public facilities who fail to ensure access to disabled individuals in accordance with federal and/or state guidelines and regulations. Both the ADA and § 19955 are subject to bilateral fee shifting provisions, which enable the prevailing party—either the plaintiff or the defendant—to seek recovery of fees. See 42 U.S.C. § 12205; Cal. Health and Safety Code § 19953. The Unruh Act is subject to a unilateral fee shifting provision that only allows prevailing plaintiffs to recover their fees. Cal. Civ. Code § 52(a).

#### 1.     Erik's Interest in the Inn

A central issue in the lawsuit was whether Erik was, in fact, an owner or operator of the Inn. At the time Plaintiff filed suit, public records indicated that Erik had recorded a grant deed identifying him as a part owner of real property on which the Inn is located. Erik corroborated this in his Answer, wherein he acknowledged that "he owns a joint tenant interest in the real property located at 39350 South Hwy 1, Gualala, CA 95445." Answer ¶ 7, Dkt. 12. Erik's putative ownership interest in the property dates back to November 2011, when Lena, then seriously ill, executed a deed ("2011 deed") purporting to transfer a partial interest in the property to him. 10/11/16 Order, Dkt. 55 at 2. Erik recorded the deed in 2012. Id. at 2-3. Lena later claimed that she had no recollection of having signed the grant deed and that she was under duress in November 2011 due to Erik's constant "yelling

and screaming." Id. She obtained a temporary restraining order against Erik, accused him of elder abuse and sought to invalidate the 2011 deed. Id.

On December 1, 2014, Lena and Erik settled the lawsuit through mediation. As part of the settlement, they agreed to invalidate the 2011 deed. Id. at 2-3; Price Decl. ¶ 9, Dkt. 49-2. In or around March 2015, Erik notified Plaintiff, through their respective counsel, that he had resolved the title dispute with his mother. Barbosa Decl. Ex. 2, Dkt. 75-1. Plaintiff nonetheless refused to voluntarily dismiss Erik from the action. Id.

### 2. Rule 68 Offers and Motion Practice

During the course of the litigation, Erik made two offers of judgment, pursuant to Federal Rule of Civil Procedure 68.[1] On November 8, 2013, Erik offered to have judgment entered against him in the amount of $5,000 and to remove the barriers at the Inn that were identified by his expert. Plaintiff did not accept the offer, but yet declined to present Erik with a settlement demand or Rule 26 damage computation, as required by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 26(e)(1)(A). On May 7, 2014, Erik made a second Rule 68 offer of $15,000, along with the removal of barriers previously identified by Plaintiff. Plaintiff did not respond to this offer and refused to participate in a scheduled mediation.

During the course of the litigation, Erik filed two motions. His first motion was a Motion for an Order to Join the Operator-Lessee of the Property as Required Parties ("motion for joinder"). Dkt. 42. The motion sought to join Antonio Carbajal, Juan Carbajal and Javier Carbajal ("the Carabals"), who had leased the Inn and accompanying restaurant from Lena in June 2014. In response to Erik's motion, Plaintiff proffered Erik's first Rule 68 offer as proof that he had an ownership interest in the Inn. The presentation of the settlement offer was improper. Fed. R. Evid. 68(b) ("Evidence of an unaccepted offer

---

[1] Under Rule 68, a defendant may "serve on an opposing party an offer to allow judgment on specific terms, with the costs then accrued." Fed. R. Civ. P. 68(a). If the offer is not accepted within 14 days the "unaccepted offer is considered withdrawn, but it does not preclude a later offer." Id. 68(b). If the ultimate judgment that the "offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Id. 68(d).

is not admissible except in a proceeding to determine costs."). The Court found that Defendant had failed to carry his burden of demonstrating that the joinder of the Carabals was appropriate under Federal Rule of Civil Procedure 19(a). Dkt. 44 at 3-4.

Shortly thereafter, Erik filed a motion for summary judgment, based on the contention that he could not be held liable as either an owner or operator of the Inn. Dkt. 55. In opposing Erik's motion, Plaintiff argued, inter alia, that the second Rule 68 offer was proof that Erik had the ability to rectify the access barriers at the Inn. In his reply, Erik objected to Counsel's reliance on the Rule 68 offer and moved to strike the photocopy of the offer which she had attached as an exhibit to her declaration. Citing Rule 68(b), the Court sustained Erik's objection and granted his motion to strike. Dkt. 55 at 7. As to the merits, the Court found that Plaintiff could not establish an essential element of her claims; to wit, that Erik was either an owner or operator of the Inn at the time of Plaintiff's 2012 visit. Id. at 4-7. In the alternative, the Court noted sua sponte that even if Erik were an owner at that time, the fact that he is not a current owner effectively rendered her claims moot. Id. at 8. The Court entered final judgment in favor of Erik on January 6, 2017. Dkt. 67. Plaintiff did not file an appeal from the judgment.[2]

### B. ERIK'S POST-SUMMARY JUDGMENT MOTIONS

After prevailing on his summary judgment motion, Erik filed separate motions for sanctions and attorney's fees, which the Court referred to the Magistrate for an R&R. Dkt. 68, 69, 70. The Magistrate issued his R&R on August 22, 2017. Dkt. 88. He recommended a fee award to Erik as the "prevailing party" under § 19953 in the amount of $120,888.50, or alternatively, under the ADA "only if [the Court] should decide not to award fees pursuant to [§] 19953." Id. at 3-6.[3]

---

[2] Plaintiff and Lena entered into a settlement agreement, as set forth in a consent decree filed on January 4, 2017. Dkt. 63.

[3] Section 19953 states as follows: "Any person who is aggrieved or potentially aggrieved by a violation of Section 54 or 54.1 of this code, Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code, or Part 5.5 (commencing with Section 19955) of Division 13 of the Health and Safety Code may bring an action to

With regard to Erik's motion for sanctions, the Magistrate rejected all but one of the seven grounds alleged as a basis for imposing sanctions. Id. at 11-19. Specifically, the Magistrate only found merit to Erik's contention that Plaintiff acted improperly in purporting to utilize the Rule 68 offers in opposing Erik's motion for joinder and motion for summary judgment. As a result, the Magistrate recommended imposing sanctions in the amount of $1,499.25, pursuant to § 1927. Id. at 16-18. This sum correlates to the amount of attorney time allocated to preparing Erik's reply brief in support of his summary judgment motion with respect to addressing Plaintiff's misuse of Erik's Rule 68 offer. Id. at 16; Cortez Decl. ¶ 45(d), Dkt. 69-1. Finally, the Magistrate sua sponte suggested referring this matter to the Court's Standing Committee on Professional Conduct. Dkt. 88 at 20.

The deadline to file objections to the Magistrate's R&R was September 5, 2017, which is fourteen days after service of the order. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Neither party filed any objections within that timeframe. Thus, on September 11, 2017, the Court issued an Order accepting the R&R with respect to the fee award and imposition of sanctions. Dkt. 89. The Court declined the Magistrate's recommendation to refer Plaintiff's counsel to the Court's Standing Committee on Professional Conduct, as the issue was not explicitly discussed in the R&R. Id. at 2 n.1.

On September 16, 2017, Plaintiff filed a motion for relief from the Court's Order accepting the R&R, arguing that her failure to timely object to the R&R was attributable to excusable neglect. Dkt. 90. Plaintiff's motion also included objections to the Magistrate's recommendations. Erik opposed Plaintiff's request for relief, but did not address her objections. The Court ruled that Plaintiff had made a sufficient showing to excuse her failure to file objections in a timely manner, and vacated its prior Order accepting the Magistrate's R&R. Dkt. 98. The Court also granted Erik leave to file a supplemental brief to respond to Plaintiff's objections, in response to which Plaintiff has filed a supplemental

enjoin the violation. The prevailing party in the action shall be entitled to recover reasonable attorney's fees."

reply.  Dkt. 101, 102.  Plaintiff's objections to the R&R are now ripe for adjudication.  Dkt. 101, 102.

## II.   LEGAL STANDARD

The district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made."  Fed. R. Civ. P 72(b)(1); see United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (holding that "[28 U.S.C. 636(b)(1) (c)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise") (emphasis in original); Holder v. Holder, 392 F.3d 1009, 1022 (9th Cir. 2004).  Factual findings are reviewed for clear error.  Quinn v. Robinson, 783 F.2d 776, 791 (9th Cir. 1986).  The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

## III.   DISCUSSION

### A.   MOTION FOR ATTORNEY'S FEES

Plaintiff objects to the Magistrate's recommendation that Erik recover his attorney's fees under § 19955, or alternatively, under the ADA.  The Court discusses each recommendation, in turn.

#### 1.   California Health and Safety Code § 19955

Section 19955 is part of a statutory scheme intended to ensure that disabled individuals have access to places of public accommodation.  Yates v. Bacco, No. C-11-01573 DMR, 2014 WL 1089101, at *14 (N.D. Cal. Mar. 17, 2014).  The standards established in § 19955 "give meaning to the public accommodation law prohibiting discrimination against the handicapped[.] " Carolyn v. Orange Park Cmty. Ass'n, 177 Cal. App. 4th 1090, 1098 (2009); People ex rel. Deukmejian v. CHE, Inc., 150 Cal. App. 3d 123, 133 (1983) (same).  The party prevailing on a § 19955 claim "shall be entitled to recover reasonable attorney's fees."  Cal. Health and Safety Code § 19953.

Erik contends that he automatically is entitled to recover fees under § 19953 as a result of having prevailed on his summary judgment motion.  Plaintiff counters that a fee

award is not automatic, and is available to a prevailing defendant only if he first demonstrates that an award is appropriate under <u>Christianburg Garment Co. v. EEOC</u>, 434 U.S. 421 (1978). Under <u>Christianburg</u>, a prevailing defendant in a civil rights case is awarded attorneys' fees only if the court finds that the plaintiff's action was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." 434 U.S. at 421. As will be discussed below, the Court finds that a fee award is not warranted, albeit for reasons that neither party adequately addresses.

### a) *Bilateral vs. Unilateral Fee Provisions*

When evaluating a statutory fee request in a discrimination suit, a court must first evaluate whether the fee shifting provision upon which the movant has relied is unilateral or bilateral in nature. As noted, "[a] 'bilateral' attorney fee-shifting provision authorizes the recovery of fees by whichever party prevails, while a 'unilateral' attorney fee-shifting provision limits that right to a specified party, often to the prevailing plaintiff in the civil rights context." <u>Turner v. Ass'n of Am. Med. Colleges</u>, 193 Cal.App.4th 1047, 1054 n.3 (2011). Where, as here, the movant is relying on a *bilateral* fee shifting provision, the court next assesses whether the fees sought one for work that is "inextricably intertwined" with the defense of a claim governed by a *unilateral* fee provision that permits only a plaintiff to recover fees. <u>Id.</u> at 1053-54. If so, an award of fees is not warranted. <u>Id.</u> at 1073.

In <u>Turner</u>, learning disabled plaintiffs brought claims under the Unruh Act and the Disabled Persons Act ("DPA"). <u>Id.</u> at 1053. Only *a plaintiff* who prevails under the Unruh Act or on a DPA claim for damages may recover fees. <u>Id.</u> at 1053-54 (citing Cal. Civ. Code §§ 52, 54.3). In contrast, under Civil Code § 55, either a prevailing plaintiff *or* defendant may seek recovery of its fees with respect to a claim for injunctive relief under the DPA. <u>Id.</u>[4] After prevailing on appeal, the defendant moved for an award of attorney's fees under Civil Code § 55. The trial court denied the motion on the ground that

_____

[4] California Civil Code § 55 specifies that the "prevailing party" in an action for injunctive relief under the DPA "shall be entitled to recover reasonable attorney's fees." The identical language is used in § 19953.

defendant's work on the DPA injunctive relief claim was "inextricably intertwined" with work performed by its counsel with respect to plaintiff's Unruh Act and DPA damages claims—as to which *only a plaintiff* could recover fees.  Id. at 1053-54.

On appeal, the appellate court affirmed the trial court's denial of defendant's motion. Id.  In reaching its decision, the court explained that the unilateral fee provisions applicable to the Unruh Act and DPA damages claims "reflect the Legislature's intent to encourage vigorous enforcement of the Unruh Act and section 54.3 [i.e., the DPA enforcement provision] by removing the potent economic obstacles presented by the cost of obtaining representation and the risk of an adverse fee award."  Id. at 1063-64.  "[I]f prevailing defendants were able to obtain fees for attorney hours spent defending claims under the Unruh Act …, it would undermine the purpose of the unilateral fee provisions—to encourage enforcement of the statutes without fear of an adverse fee award in the event the enforcement action fails."  Id. at 1060.  Thus, the Turner court concluded "where a defendant prevails against a plaintiff who sought relief under section 55 [i.e., a bilateral fee provision] as well as under section 52 and/or section 54.3 [i.e., unilateral fee provisions], the defendant may not obtain an attorney fee award under section 55 for attorney hours inextricably intertwined with hours spent defending claims under section 52 and/or section 54.3."  Id. at 1073.

As in Turner, Plaintiff has alleged claims that are subject to both bilateral and unilateral fee shifting provisions.  Section 19953, which governs § 19955 claims, is a bilateral provision, permitting an award of fees to either a prevailing plaintiff or defendant. Cal. Health and Safety Code § 19953.  By contrast, Civil Code § 52(a), contains a unilateral fee provision that awards fees to a plaintiff who prevails on Unruh Act claims brought pursuant to Civil Code §§ 51, 51.5, or 51.6.  See Cal. Civ. Code § 52(a); Molski v. Arciero Wine Grp., 164 Cal. App. 4th 786, 791 (2008) ("Under the Unruh Civil Rights Act, the plaintiff can recover attorney's fees if he or she prevails, but the defendant cannot.") (citing

Cal. Civ. Code § 52(a)).[5]  The claims alleged in the pleadings are predicated on the same set of facts.  See Compl. ¶¶ 9-19.  In addition, Erik's counsel's billing records confirm that the work his attorneys performed in connection with defending against Plaintiff's § 19955 claim is inextricably intertwined with their work on the Unruh Act claim.  See Cortes Decl. Ex. M (billing records), Dkt. 68-3.  In view of those circumstances, Erik is foreclosed from recovering his attorney's fees under § 19953.  See Turner, 193 Cal. App. 4th at 1053-54.

### b)      *Christianburg Standard*

Even if a fee award in favor of Erik were not barred under Turner, the Court finds fees are not warranted under the standard set forth in Christianburg.  While successful plaintiffs in civil rights actions are awarded attorneys' fees as a matter of course, prevailing defendants are awarded fees only in "exceptional cases," lest plaintiffs with legitimate claims be deterred from filing suit.  Harris v. Maricopa Cnty. Superior Court, 631 F.3d 963, 968 (9th Cir. 2011).  Accordingly, a prevailing defendant in a civil rights case is awarded attorneys' fees only if the court finds that the plaintiff's action was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so."  Christiansburg, 434 U.S. at 421.  "An action becomes frivolous when the result appears obvious or the arguments are wholly without merit."  Galen v. Cty. of Los Angeles, 477 F.3d 652, 666 (9th Cir. 2007) (citing Christiansburg, 434 U.S. at 422)).

Erik contends, as an initial matter, that he is entitled to recover attorney's fees from the inception of this action.  However, he makes no effort to demonstrate that Plaintiff's claims against him were "frivolous, unreasonable, or without foundation" when she filed suit.  Id.  That aside, as discussed in more detail above, Plaintiff had evidence to support her belief that Erik had at least a partial ownership interest in the Inn.  See Answer ¶ 7, Dkt. 12.  As such, it appears that, as of the outset of the action, Plaintiff had a reasonable basis for joining Erik as a party-defendant in this action.

---

[5] The ADA also contains a bilateral fee shifting provision.  See 42 U.S.C. § 12205. However, because Turner addressed the fee provisions applicable to overlapping state law causes of action, the Court confines its analysis to the conflict between § 19953 and the Unruh Act, Cal. Civ. Code § 52(a).

Erik also briefly argues that <u>Christianburg</u> is inapplicable to a fee request under § 19953, claiming that "no Court has ever held the Health and Safety Code to be civil rights legislation." Dkt. 78 at 2. This contention is unpersuasive. Section 19953 is intended to ensure equal access and prevent discrimination against the disabled. <u>See</u> <u>Carolyn</u>, 177 Cal. App. 4th at 1098; <u>Marsh v. Edwards Theatres Circuit, Inc.</u>, 64 Cal. App. 3d 881, 888 (1976) (noting that section 19955 "prohibit[s] gross and invidious discrimination"). In that respect, section 19955 is analogous to disability discrimination claims under the ADA or the Fair Employment and Housing Act ("FEHA") as to which courts have held that <u>Christianburg</u> applies to fee applications submitted by defendants. <u>See</u> <u>Summers v. Teichert & Son, Inc.</u>, 127 F.3d 1150, 1154 (9th Cir. 1997) (applying <u>Christianburg</u> to a fee request under the ADA bilateral fee provision); <u>Roman v. BRE Properties, Inc.</u>, 237 Cal. App. 4th 1040, 1062 (2015) (applying <u>Christianburg</u> standard to a defense request for costs in a disability discrimination claim under FEHA).

Alternatively, Erik asserts that he is entitled to fees for services performed subsequent to the parties' submission of their Joint Case Management Statement ("CMC Statement") on May 13, 2015. <u>Id.</u> According to Erik, the CMC Statement disclosed that (1) Erik and Lena had reached a settlement, resulting in the invalidation of the deed and Erik's relinquishment of any interest in the property, and (2) the Inn had been leased to the Carabals. <u>Id.</u> Those facts, he argues, should have made it clear to Plaintiff that she had no basis to maintain him as a defendant in the action. <u>Id.</u> However, no reasonably competent attorney would agree to dismiss a claim based *solely* on unsworn assertions made by defense counsel in such a statement. <u>See</u> <u>Darden v. Wainwright</u>, 477 U.S. 168, 181-82 (1986) (statements of counsel are not considered evidence). Indeed, it was reasonable for Plaintiff to question the propriety of Erik's representations, given that Erik failed to provide a copy of the settlement agreement to Plaintiff. <u>See</u> Barbosa Decl. Ex. 4, Dkt. 51-2 at 15. Moreover, Erik's offer to remove access barriers at the Inn could have reasonably suggested to Plaintiff that he had at least some operational control over the Inn. <u>See</u> <u>Id.</u> ¶ 2 & Ex. 1, Dkt. 51-1, 51-2. Though Plaintiff's evidence ultimately was insufficient to avoid

summary judgment, the record supports the conclusion that her claims were not frivolous, unreasonable or without foundation within the meaning of <u>Christianburg</u>. The Court, in its discretion and as an alternative matter, therefore declines to award fees to Erik, irrespective of whether Erik's counsel's work on the § 19955 was inextricably intertwined with Plaintiff's other claims.[6]

### 2. ADA

The question remains whether the proposed fee award can be sustained under the Magistrate's alternative recommendation to award attorney's fees under the ADA. In this Circuit, the <u>Christianburg</u> standard applies to a defendant seeking recovery of their fees and costs as the prevailing party in an ADA action. <u>Summers</u>, 127 F.3d at 1154. As discussed above, Erik has failed to demonstrate that Plaintiff's decision to name him as a defendant was "frivolous, unreasonable, or without foundation," or that it was unreasonable for her to continue to pursue Erik subsequent to the May 2015 case management statement. The Court, in its discretion, therefore declines to award fees to Erik under the ADA.

### B. MOTION FOR SANCTIONS

In his motion for sanctions, Erik seeks monetary and non-monetary sanctions against Plaintiff under § 1927 based on seven "factual predicates,"—only one of which the Magistrate found compelling. Dkt. 69 at 4. In particular, the Magistrate focused on Plaintiff's improper use of Erik's Rule 68 offers. Rule 68(b) expressly provides that "[e]vidence of an unaccepted offer is not admissible except in a proceeding to determine costs." Fed. R. Evid. 68(b). Despite this rule, Plaintiff twice attempted to rely on Erik's Rule 68 offers to oppose Erik's motions for joinder and summary judgment. As a result, Erik seeks the imposition of sanctions in the amount of $1,499.25, which represents the

---

[6] The instant case presents a prime example of how *not* to litigate. The record evidences a continual lack of cooperation by the parties and the mutual presentation of ill-conceived arguments and requests. The Court is particularly troubled by Counsel's lack of cooperation with respect to Erik's efforts to engage her in meaningful settlement discussions.

amount of fees he incurred in addressing the issue in his reply brief filed in support of his

motion for summary judgment.   Dkt. 69-1 ¶ 45(d).

The Magistrate found that Plaintiff's use of the Rule 68 offers in the course of

motion practice was sanctionable under § 1927.  Dkt. 88 at 17.  Under that provision, "[a]n

attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously

may be required by the court to satisfy personally the excess costs, expenses, and attorneys'

fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  To impose

sanctions under this provision, the court must find recklessness or bad faith on the part of

counsel.  See Sneller v. City of Bainbridge Island, 606 F.3d 636, 640 (9th Cir. 2010).  The

matter of whether to impose sanctions under § 1927 is a matter of the court's discretion.

See Lahiri v. Universal Music & Video Distrib. Corp., 606 F.3d 1216, 1218 (9th Cir. 2010).

Plaintiff contends that the Magistrate erred in his analysis by failing to consider the

interplay between Federal Rule of Evidence 408 ("Rule 408") and Rule 68.  Dkt. 90 at 15.

Under Rule 408, settlement offers are inadmissible to prove the validity or amount of a

disputed claim.  Fed. R. Evid. 408(a).  Subsection (b) to Rule 408 creates an exception to

the general rule of inadmissibility where the evidence is offered for another purpose, "such

as proving a witness's bias or prejudice, negating a contention of undue delay, or proving

an effort to obstruct a criminal investigation or prosecution."  Id. 408(b).  Plaintiff claims

that the instant case falls within the purview of Rule 408(b).  She posits that the Rule 68

offers were not presented to establish liability, but were instead "submitted to show Erik's

bad faith and false statements made to Plaintiff regarding his authority to settle the case."

Dkt. 90 at 16.  Plaintiff's argument is wholly without merit.

Under fundamental rules of statutory construction, a specific provision controls a

provision of more general application.  Gozlon-Peretz v. United States, 498 U.S. 395, 407

(1991).  Rule 408(b) applies generally to offers to compromise, whereas Rule 68 pertains

specifically to an offer of judgment on specified terms.  Rule 68(b) unequivocally states

that if a Rule 68 offer of judgment is not accepted by Plaintiff within fourteen days after

service of the Offer, the Offer shall be deemed withdrawn, and any evidence of this offer is

"*not admissible* except in a proceeding to determine costs." (Emphasis added). Unlike Rule 408(b), Rule 68 does not create an exception to the general rule of inadmissibility for purposes such as proving a witness's bias or prejudice. Notably, Plaintiff has not cited – nor has the Court been able to identify – any decisional authority holding that the narrow exception articulated in Rule 408(b) applies to offers to compromise made expressly under Rule 68.

Even if the exception specified in Rule 408(b) were germane to an offer of judgment made under Rule 68(b), Plaintiff's argument still fails. Despite Plaintiff's *present* statement to the contrary, she, in fact, did not previously attempt to use Erik's Rule 68 offers to show bad faith or false statements by Erik. Rather, in opposing Erik's motion for joinder, Plaintiff expressly argued that the Rule 68 offer was proof that "he was an owner of the Breaker's Inn with control over the property and business." Dkt. 43 at 11. Likewise, in opposing Erik's summary judgment motion, Plaintiff asserted that the Rule 68 offer demonstrated that Erik could be held liable as an "operator." Dkt. 51 at 7. Thus, it is clear from a review of Plaintiff's prior motion papers that she sought to use Erik's Rule 68 offers for purposes prohibited under both Rule 68(b) and Rule 408(a).

The sanctions recommended by the Magistrate against Counsel are well deserved. The Court therefore overrules Plaintiff's objection and accepts the Magistrate's recommendation to impose sanctions against Counsel in the amount of $1,499.25.

## IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion to be Relieved from Report and Recommendation Awarding Fees and Costs is GRANTED IN PART and DENIED IN PART.

2. The Court REJECTS the Magistrate's recommendation to award attorney's fees to Defendant in the amount of $120,888.50, and therefore, DENIES Defendant's motion for attorney's fees.

3.     The Court ACCEPTS the Magistrate's recommendation to grant Defendant's motion for sanctions against attorney Patricia Barbosa in the amount of $1,499.25, and therefore, GRANTS IN PART and DENIES IN PART Defendant's motion for sanctions, as set forth in the Magistrate's R&R.  Plaintiff's counsel, Patricia Barbosa, shall pay the aforementioned sanctions to counsel for Defendant Erik Price within thirty days of the date this order is filed.

IT IS SO ORDERED.

Dated:  3/12/18

SAUNDRA BROWN ARMSTRONG
Senior United States District Judge